UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60417-CIV-COHN/SELTZER

PAULA J. KARAS,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF DEPT.,

    Defendant.
_____/

### ORDER DENYING MOTION TO SPEEDILY ADJUDICATE CASE, MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND MOTION TO APPOINT APPELLATE COUNSEL

**THIS CAUSE** is before the Court on Plaintiff Paula Karas' *pro se* Motion to Speedily Adjudicate Case [DE 12], and *pro se* Motion to Proceed under Informa [sic] Pauperis [DE 13] (collectively "Motions"). The Court has considered the Motions, the docket in the case, and is otherwise advised in the premises.

On March 19, 2010, Plaintiff Paula Karas filed a *pro se* Complaint, naming the Broward County Sheriff Department as the defendant. Plaintiff, however, did not pay the required filing fee. Notwithstanding, Plaintiff's Complaint asserted that the Defendant "violated the plaintiff[']s rights as a victim of domestic violence, stalking and terrorism under the United States Constitution." Complaint at 1. The Complaint further stated that "[t]hey failed to give the plaintiff injunctive relief by an investigation of this case and or prosecution of it."[1] Id. The Complaint states nothing else, though it does refer to an attached affidavit. Id. ("See enclosed affidavit of facts and a copy of the

---

[1] The Court assumes "they" refers to Defendant.

Broward County Sheriff Department case number.").[2]

Because Plaintiff did not pay the filing fee, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court determined that Plaintiff's Complaint failed to state a claim. Consequently, on March 30, 2010, the Court dismissed Plaintiff's Complaint. See DE 4. Thereafter, Plaintiff filed a document entitled "Motion to Reconsider under Informa [sic] Pauperis" [DE 7]. The Court construed the Motion to Reconsider under Informa [sic] Pauperis as a Rule 59(e) Motion for Reconsideration of the Order Dismissing Action. On May 28, 2010, the Court denied the Motion for Reconsideration of the Order Dismissing Action. See DE 10.

The same day the Court entered its Order Denying Motion for Reconsideration [DE 10], Plaintiff filed her Motion to Speedily Adjudicate Case [DE 12] and her Motion to Proceed under Informa [sic] Pauperis [DE 13]. The Motion to Speedily Adjudicate Case states in its entirety as follows:

> Now come the plaintiff pro se in the above captioned matter and hereby request this honorable United States Appeals Court to please adjudicate the case speedily. The plaintiff alleges that in this case that the two stalkers of the plaintiff are strong suspects of domestic violence, stalking and state documented evidence of case law of federal terrorism throughout the United States.

DE 12 at 1. Plaintiff appears to believe that she filed the Motion to Speedily Adjudicate Case with the Eleventh Circuit Court of Appeals. This Court has no authority to issue rulings on behalf of the Eleventh Circuit. To the extent Plaintiff seeks an expedited

---

[2] The "affidavit" is not witnessed or notarized. Notwithstanding, the affidavit avers only that Plaintiff "filed a domestic violence, stalking and terrorism case" to Defendant's attention and Defendant failed to investigate it to Plaintiff's satisfaction.

resolution of her case in this Court, Plaintiff has cited no authority that entitles her to a speedy trial in a civil matter.  Indeed, no such right exists.  Furthermore, to the extent Plaintiff seeks to have this Court adjudicate her case speedily, this Court has already adjudicated this case.  Consequently, Plaintiff's Motion to Speedily Adjudicate Case is moot.

Plaintiff's Motion to Proceed under Informa [sic] Pauperis states in its entirety as follows:

> Now comes the plaintiff pro se in the above captioned and please request this honorable United States Appeals Court to please appoint appellate counsel under Informa Pauperis in this case as the plaintiff is indigent under the Social Security Act. And cannot afford her own private counsel without depriving herself financially.

DE 13 at 1.  Again, Plaintiff appears to believe that she has filed a motion with the Eleventh Circuit Court of Appeals.  As stated above, this Court has no authority to issue rulings on behalf of the Eleventh Circuit.

Notwithstanding, "[a] civil litigant . . . has no absolute constitutional right to the appointment of counsel."  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); see also Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) (quoting Wahl, 773 F.2d at 1174); see also Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) ("The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.").   Here, the Court does

3

not find Plaintiff entitled to appointment of counsel in this case. Thus, to the extent Plaintiff seeks appointment from this Court to appoint her counsel for purposes of appealing this Court's rulings, the Court will deny such relief.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's *pro se* Motion to Speedily Adjudicate Case [DE 12] is **DENIED AS MOOT**.

2. Plaintiff's *pro se* Motion to Proceed under Informa [sic] Pauperis [DE 13] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of August, 2010.

_____
JAMES I. COHN
United States District Judge