UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60417-CIV-COHN/SELTZER

PAULA J. KARAS,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF DEPT.,

    Defendant.
_____/

## AMENDED ORDER DISMISSING ACTION[1]

**THIS CAUSE** is before the Court on Plaintiff Paula Karas' *pro se* Complaint [DE 1] ("Complaint") and Plaintiff's Motion for Leave to Proceed in *forma pauperis* [DE 3]. The Court has carefully considered the Complaint, the attachments thereto, the Motion for Leave to Proceed in *forma pauperis*, the entire record in this case, and is otherwise advised in the premises.

Because Plaintiff has not paid a filing fee, the Court conducts a screening pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court, therefore, is required to dismiss the Complaint upon a finding that the Complaint is either frivolous, malicious or fails to state a claim on which relief may be granted. For the purposes of this screening, the Court assumes as true all allegations contained within the Complaint.

### I. BACKGROUND

On March 19, 2010, Plaintiff Paula Karas filed the Complaint, naming the Broward County Sheriff Department as the defendant. Plaintiff, however, did not pay

---

[1] The order is amended to reflect that Plaintiff's Complaint should have been dismissed <u>without</u> prejudice.

the required filing fee. Notwithstanding, Plaintiff filed the Complaint asserting that the Defendant "violated the plaintiff[']s rights as a victim of domestic violence, stalking and terrorism under the United States Constitution." Complaint at 1. The Complaint further states that "[t]hey failed to give the plaintiff injunctive relief by an investigation of this case and or prosecution of it."[2] Id. The Complaint states nothing else, though it does refer to an attached affidavit. Id. ("See enclosed affidavit of facts and a copy of the Broward County Sheriff Department case number.").[3]

## II.  LEGAL STANDARD

A complaint is subject to a screening pursuant to 28 U.S.C. § 1915(e)(2). Section 1915 reads in pertinent part:

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> ...
>
> (B) the action or appeal-
> ...
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915. Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the

---

[2]     The Court assumes "they" refers to Defendant.

[3]     The "affidavit" is not witnessed or notarized. Notwithstanding, the affidavit avers only that Plaintiff "filed a domestic violence, stalking and terrorism case" to Defendant's attention and Defendant failed to investigate it to Plaintiff's satisfaction.

language of Federal Rule of Civil Procedure 12(b)(6).").

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  At this stage of litigation, the allegations of a complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

### III.  ANALYSIS

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quotation omitted).  The Complaint in this case alleges only that the Defendants violated Plaintiff's "rights as a victim of domestic violence, stalking, and terrorism under the United States Constitution."  Complaint at 1.  The Complaint, therefore, fails to comply with Federal Rules of Civil Procedure 8(a) and 12(b)(6).

Federal Rule of Civil Procedure 8(a) provides the following:

(a) Claim for Relief. A pleading [i.e., a complaint] that states a claim for relief *must* contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).  Here, Plaintiff has not stated the grounds for the court's jurisdiction, she has not explained how the Defendants violated her rights, nor has she identified any specific grounds for relief.  Although this Court construes Plaintiff's Complaint liberally because she is proceeding *pro se,* Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court is not permitted to act as counsel for a party or to rewrite deficient pleadings.  See, e.g., United States v. Stossel, 348 F.3d 1320, 1321 n.2 (11th Cir. 2003).  The Court therefore finds that it must dismiss the Complaint for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**.
2. The case remains **CLOSED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 9th day of August, 2010.

JAMES I. COHN
United States District Judge

4